CASE 5.—ACTION BY LEVIA PHAUP AGAINST THE GREEN
RIVER COAL & COKE COMPANY.—October 7, 1909.

## Green River Coal & Coke Co. v. Phaup

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Reversed.

1. Master and Servant—Injuries to Servant—Assumption of Risk.—A mule driver in a mine who with knowledge of the defective condition of a car proceeds to ride on it without any direction so to do assumes the risk incident to its defective condition.

2. Master and Servant—Injuries to Servant—Anticipation of Consequences.—To prove the negligence of a mine operator because of his piling cinders in a mule track in a mine to the height of six inches, and thereby creating an object frightening a mule using the track, it must appear that cinders that high would be reasonably calculated to frighten a mule of ordinary gentleness, and the fact that a mule may take fright at them is not sufficient.

3. Master and Servant—Injuries to Servant—Assumption of Risk—One undertaking to drive a mule in a mine assumes the dangers ordinarily incident to the occupation, and, unless the master knowingly furnishes him a vicious mule, he assumes the risk of the mule being frightened by ordinary objects lying in or near the passway.

4. Master and Servant—Injuries to Servant—Improbable Consequences—Where a mule driver in a mine knew of the ex-

istence and the condition of cinders in the track, and drove the mule over the cinders, and the mule did not become frightened at them, the master was not liable merely because the mule, shortly thereafter, became frightened when again passing over the cinders, and ran away, and injured the driver.

BELCHER & SPARKS for appellant.

R. Y. THOMAS, JR., for appellee.

OPINION OF THE COURT BY COMMISSIONER CLAY—Reversing.

Appellee, Levia Phaup, instituted this action against appellant, Green River Coal & Coke Company, to recover damages for personal injuries. The jury returned a verdict in his favor for $1,500. From the judgment based thereon this appeal is prosecuted.

Several grounds for reversal are assigned, but we deem it necessary to consider only the question whether or not a peremptory instruction should have gone in favor of appellant. The negligence charged in appellee's petition and amended petition was two-fold: First, that appellant piled cinders in the middle of the track along which appellee had to drive a mule in appellant's mine so as to frighten the mule and cause it to kick and run away; second, that the door of the car to which the mule was attached was sprung over the bumper so as to entirely cover it and thus prevent appellee from standing thereon, that because of the defective condition of the car he was unable when the mule ran away to loosen the mule from the car.

The evidence for appellee is as follows: Appellee at the time he was injured was engaged in driving a mule in appellant's mine. In the entry in which he

was working there was not much more than enough room for the car to pass. A short time previous to the accident appellee and John Hunt, the boss driver, Tom Gardner, the second boss, and Tom Graves, inside manager of the mines, took about a half car load of cinders, and put them in some holes in the track. The cinders were left in piles about six inches high, although it was customary to level them down. Thereafter the appellee drove the mule back over these cinders. At that time it did not take fright. When appellee went to get on the car, which he was riding at the time of the injury, he saw that the door was sprung out over the bumper. He put one foot on the spreader stick and the other on a piece of iron projecting out in front of the car. After going a short distance, the mule came to the point where the ashes were piled, became frightened and began to kick and run away. The car jumped the track, and appellee fell to the ground. He was badly bruised about the back and legs. If there had been bumpers on the car, appellee could have stood on them and unhitched the mule, thus preventing the injury.

It is perfectly apparent, from appellee's own testimony and from that of other witnesses, that he knew of the alleged defective condition of the car. The defect, if any there was, was right before his eyes. With full knowledge of it and without complaint, he proceeded to ride on the car, without any directions so to do, and thereby assumed the risk of any danger incident to its defective condition. However, the condition of the car plays but a small part in this case. There is no fact from which we could conclude that the existence of bumpers on the car would have in any way changed the result of the ac-

cident. It is true, the appellee says, that, if there had been bumpers, he could have stood on them and loosened the mule. This, however, is mere speculation on his part. The proximate cause of appellee's injuries was due to the fact that the mule kicked and ran away. But for this fact the appellee would not have been injured.

While the alleged defective condition of the car has been brought into this case, it is manifest that the real question in controversy is whether or not the piling of cinders in the track for a height of six inches was negligence. In order to render it negligence, it was necessary to show that cinders that high would be reasonably calculated to frighten a mule of ordinary gentleness. It is true, there was some attempt to show that the mule was vicious and that the master had knowledge of this fact. Upon this point, however, there was a complete failure of proof. So far as the record shows, the mule appellee was driving was of the ordinary kind. Not a single witness in the case testifies that the placing of ashes on the track in piles six inches high was reasonably calculated to frighten an ordinarily gentle mule. When a person undertakes to drive a mule, he assumes all the risk and dangers ordinarily incident to that particular occupation. Unless the master knowingly furnishes him a vicious mule to drive, he assumes the risk of the mule being frightened by ordinary objects, which may lie in or near his passway.

In this case the appellee not only knew of the existence and the condition of the cinders in the track at the place in question, but he drove the mule over the cinders just previous to the accident. At that time the mule did not become frightened. Under

such circumstances, the master is not liable merely because the mule becomes frightened. He can only be guilty of negligence when the facts show that he permitted the track to become in such condition as would reasonably be calculated to frighten an ordinarily gentle mule. As said before, no witness testified that such condition existed at that time; indeed, we fail to see how any reasonable or sensible man could give such evidence. It is a matter of common knowledge that cinders piled six inches high will not ordinarily frighten a gentle mule. Of course, a mule may take fright at them. So he may, and frequently does, take fright at a mere shadow; but this fact is not sufficient to lead to the conclusion that the thing at which he becomes frightened is reasonably calculated to occasion the fright. The piling and spreading of cinders on a track under such circumstances is an ordinary and usual thing. The risk attached to such piling, in so far as it may frighten his mule, is assumed by the driver. The mere fact that the cinders were piled six inches high is not proof of negligence on the part of appellant. That being the case, we are of opinion that the trial court erred in refusing appellant a peremptory instruction.

The judgment is reversed for proceedings consistent herewith.