## Baker v. Crescent Coal Co,

(Decided February 10, 1011.)

Appeal from Muhlenberg Circuit Court.

1. Instructions—Issues.—Where the pleadings made an issue as to the dangerous and unsafe character of implements supplied by the master for the servant's work, and there was evidence to support the servant's charge that the implements were unsafe and dangerous, it is error not to submit that question to the jury.

2. Same—Knowledge of the Servant.—Where a servant hauling coal in a mine is injured by the master's negligence in turning on an electric current upon an overhead wire in the mine, the servant's right to recover does not depend upon his not knowing that the current was on said wire.

WILLIS & MEREDITH and HEAVRIN & WOODWARD for appellant.

NEWTON BELCHER and BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellant was a driver of a coal car in the mine of appellee, his outfit consisting of a coal car which was drawn by a mule upon a track laid in and along the mine entry. The main track was also used for hauling cars by electric power, the trolley wires being located immediately above the track, and a little to one side of its center. Appellant's work required him to drive his car along the main track about 1,800 feet, where he passed the switches and the junction of the tracks; and thence his route led him away from the electric wire and into the openings. When the men would start out to work in the morning from the bottom of the shaft, the man in charge of the switchboard would not turn on the electric

current until the men with the mule cars had gotten beyond the junction and into the "clear," as they call it. The man in charge usually gave from three to five minutes for this distance to be covered by the coal haulers; and, on the morning of the accident, according to the testimony of the man in charge of the switchboard, he turned on the current in three minutes after Baker had started on his trip and before he had gotten clear of the electric wire. When Baker had traveled about one-third of the distance covered by the electric wire, his mule got out of the road in the center of the track; and, in order to get it back into the road, Baker, who was standing in front of his car, lightly struck the mule with his hand. Almost immediately thereafter the mule's ears touched the wire, which was then carrying the current of electricity. The mule kicked Baker in the chest, knocked him to the ground in front of the car, and the wheel passed over his leg, crushing it near the ankle. His petition proceeds upon the theory that the company was negligent in turning on the electric current before he had time to get beyond the junction and out of the reach of the wire, and in furnishing him a mule that was wild, dangerous and unsafe in its nature and disposition. Upon the trial the jury found for the defendant, and Baker prosecutes this appeal.

Quite a good deal of evidence was offered to the effect that the mule was balky, would refuse to pull, sometimes would become contrary, and would kick when struck. There is also some testimony to the effect that the mule was wild and inclined to jump and jerk the car when at work. Baker had driven the mule a part of the day preceding the accident; and on the morning of the accident he objected to driving the mule. The boss driver, however, told him to go ahead and do the best he could.

As above stated, appellant's case proceeds upon the theory that the company was negligent (1) in turning on the current, and (2) in giving him an unsafe mule to work with; and that these two acts of negligence, acting in conjunction, brought about the accident and the injury complained of.

The principal instruction given by the court, and the only one which it is now necessary to consider, reads as follows:

"1. The court instructs the jury that if they believe from the evidence that the defendant company's agent on the occasion in controversy negligently turned the elec-

tric current on to the trolley wire in its mine entry before the plaintiff, who had started along said entry had had a reasonably sufficient time in which to get clear of said electric wire, and if the jury further believe from the evidence that by reason of said current of electricity being on said wire at said time it was not reasonably safe for the plaintiff to drive said mule along said entry in proceeding to his work, that said plaintiff did not know that the current was on said wire, and that the mule being driven by plaintiff came in contact with said wire, so charged with electricity, and that said mule was thereby caused to kick the plaintiff and knock him from the car on which he was riding; and that, as a result thereof, the plaintiff fell under the wheels of said car and was injured by being so kicked or by his foot or ankle being mashed under said car; then, and in that event, the jury will find for plaintiff.''

This instruction ignored, entirely, the issue raised and tried as to the unsafeness of the mule, and restricted the appellant's right to recover to the issue of negligence in turning on the electric current prematurely. In this, we are of opinion, that the court was in error, since the pleadings and the proof raised both questions of negligence, and the appellant was entitled to have both questions submitted to the jury. It is easy to understand how a steady, reliable mule that would keep in the center of the track might not come in contact with the wire, while an erratic or unsafe mule that would get out of the beaten track would come in contact with the wire and thereby become frightened and cause the accident, as is alleged to have happened in this case.

Furthermore, the instruction permits the appellant to recover only in case he did not know the current was on the wire. This part of the instruction should have been omitted, since the appellant had no will in starting the current, and no control whatever over it after it had been started, and could not have changed his course or conduct if he had known the current was on the wire. He was sent to carry the car over the track under the wire; and after he had started, the company's agent turned on the current before he got into the ''clear'' and away from the wire. We are of opinion that appellant's knowledge or want of knowledge, with respect to the current being turned on by appellee's servant could not affect appellant's right to recover, in case appellee's agent was neg-

ligent in turning on the current; and in so instructing the jury, and in refusing to instruct upon the issue of the unsafe and dangerous character of the mule, we think the circuit court erred to the prejudice of the appellant.

Wherefore the judgment is reversed for further proceedings consistent with this opinion.