## Crescent Coal Company v. Baker.

(Decided May 30, 1912.)

### Appeal from Muhlenberg Circuit Court.

1.  Appeal and Error—Former Opinion—Conclusiveness.—Where on a former appeal, the judgment in favor of the defendant is reversed for error in one of the instructions, and for a failure to submit to the jury one of the issues relied on, and the propriety of giving an instruction on contributory negligence was not raised or decided, and the court did not direct what instructions should be given on another trial, the opinion is not conclusive of the right of the defendant to an instruction on contributory negligence.

2.  Instructions—Contributory Negligence—Error.—Where there is a plea of contributory negligence, and evidence tending to support the plea, the refusal to give an instruction on contributory negligence, offered by defendant, is prejudicial error.

NEWTON BELCHER and BELCHER & SPARKS for appellant.

ERNEST WOODWARD, HEAVRIN & WOODWARD and WILLIS & MEREDITH for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, Arthur Baker, was a driver of a coal car in a mine operated by defendant, Crescent Coal Company. The car was drawn by a mule upon a track extending along the mine entry. The main track was also used for hauling cars by electric power. The trolley wires were located immediately above the track, and plaintiff's work required him to drive his car along the main track for a distance of about 1,800 feet, where he passed the switches and the junction of the tracks. From that point his route led him away from the electric wire into the openings. When the men would start out from work in the morning the man in charge of the switch board would not turn on the electric current until they had gotten beyond the junction. It was usual to give the men from three to five minutes to get into the clear. When plaintiff had proceeded about one-third of the distance covered by the electric wire, his mule got out of the road in the center of the track. He slapped the mule with his hand, and almost immediately the mule's ears came in contact with the wire, which was then carrying the current of electricity. The mule kicked plaintiff and knocked him down in front of the car. The wheel passed over his leg, crushing it near the ankle.

Basing his action on the negligence of defendant in prematurely turning on the electric current before he had a reasonable time in which to get to the junction, and in furnishing him a wild, dangerous and unsafe mule, plaintiff brought this action to recover damages. The first trial resulted in a verdict for defendant. On appeal to this court, the judgment was reversed, the court holding that the trial court erred in not submitting to the jury the issue raised as to the unsafeness of the mule, and in authorizing a recovery by plaintiff only in the

event that he did not know the current was on the wire.
Baker v. Crescent Coal Co., 142 Ky., 191.

On a return of the case, substantially the same evidence was heard, and the jury returned a verdict in favor of plaintiff, fixing his damages at $500. From that judgment this appeal is prosecuted.

It is insisted that the court erred in failing to give an instruction on contributory negligence, as defendant offered an instruction on this point, and there was not only a plea of contributory negligence, but evidence tending to support the plea. For appellee, it is insisted that if there was an error in this respect, it cannot now be considered by the court, because our former opinion is conclusive of the law of the case. In support of this position, we are cited to I. C. R. R. Co. v. Haynes, 144 Ky., 508, where it is held that when a case comes to this court, and an opinion is delivered defining the law of the case and setting out the instructions which shall be given on another trial, it is incumbent upon the parties to apply to the court for a modification or extension of the opinion, if the instructions directed to be given do not cover the whole law of the case; otherwise the law of the case is concluded by the opinion. In that case, however, the court set out instructions to be given on another trial. In this case, the court simply reversed the judgment because of an error in one of the instructions, and because the issue of the unsafeness of the mule was not submitted to the jury. On the first trial, no instruction on contributory negligence was offered. Therefore, the propriety of giving such an instruction was not before the court on the first appeal. The question not having been raised or passed on, and the court not having directed what instructions should be given on the second trial, the opinion on the former appeal was not conclusive of the question now raised.

Was there evidence sufficient to justify the giving of an instruction on contributory negligence? Plaintiff himself, although he subsequently attempts to qualify the statement by saying that he struck the mule only once, admits that he kept on slapping the mule. Another witness testifies that plaintiff slapped the mule, and she kicked him. He says, however, that it was necessary in order to get the mule back into the middle of the track. On the other hand, John Jones, who was on the care at the time, testifies that plaintiff slapped the mule and the mule kcked him; that the mule was not do-

ing anything at the time except walking or trotting along.

Under this evidence we conclude that the issue of contributory negligence should have been submitted to the jury, and that the court erred to defendant's prejudice in failing to do so. Inasmuch as the only contributory negligence relied on is the fact that plaintiff slapped the mule, the court, on another trial, will tell the jury that if they believe that the plaintiff negligently slapped the mule, and thereby caused the mule to kick and injure him, they will find for the defendant.

Judgment reversed and cause remanded with directions for a new trial consistent with this opinion.