## Gatliff Coal Company v. Wright.

(Decided March 4, 1914.)

### Appeal from Whitley Circuit Court.

1.   Master and Servant—Injury to Mine Employe by Vicious Mule—. When Master Liable For.—The rule that requires the master to ordinary care to furnish his servant with a reasonably safe place in which to work and reasonably safe tools and appliances with which to perform his work, applies to mining; and if one employed

as a driver of mules in hauling coal cars in a mine, is injured by reason of the viciousness or unsafeness of a mule he was required to drive in the mine, the master is liable therefor, unless the servant knew of the viciousness or unsafeness of the mule before receiving his injuries, or its vicious or unsafe qualities were so patent as to have become known to him while using the animal.

2. Master and Servant—Viciousness of Mule Will Not Be Presumed— Representations of Master As To Safeness of Mule May Be Relied On By Servant.—In using a mule in work required of him by the master, a servant is not required to take it for granted that the animal is inherently dangerous; and the law will not exempt the owner of a mule from responsibility to his servant injured by the viciousness or unsafeness of the animal, where the servant, being unacquainted with its viciousness or unsafeness, is injured because induced by the master's assurance of its gentle and reliable qualities to omit, in his use of it, some precaution for his safety, as a person of ordinary prudence he would otherwise have taken.

J. N. SHARP for appellant.

R. S. ROSE, R. L. POPE for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment entered upon a verdict awarding appellee $250.00 damages, for injuries sustained to his person through the alleged negligence of the apellant, in furnishing him for use as its employe in hauling coal cars into its mine, a mule that was vicious and unsafe for that purpose. The grounds urged by appellant for a reversal of the judgment are that the court erred in refusing to peremptorily instruct the jury to find for it at the conclusion of the appellee's evidence; and that the verdict is flagrantly against the evidence.

It appears from appellee's testimony that at the time of receiving his injuries he was driving a mule attached to four empty coal cars which he was carrying into the eighth entry of the mine; that upon getting near the seventh entry, the mule apparently became frightened at a curtain in use for producing ventilation in the mine, which caused him to swerve from the car-track and attempt to enter the seventh entry, and appellee being unable to stop the mule, unhooked him from the draw-head of the front car, to accomplish which, it was necessary for him to stand in front of the forward car. Upon loosening the hook, however, from the draw-head of the front car it caught in a timber of the car, and the mule, continuing its efforts to escape into the seventh entry, pulled the car forward, and before appellee could get

out of the way, caught his body between the car and a prop or post of the mine, thereby injuring his hip, back and other parts of his person. According to his further testimony, the mule tried to run away and to prevent him from doing so, appellee inserted in a wheel of the forward car, for the purpose of stopping the car and mule, a stick called a sprag, furnished the mule drivers for use as a brake. After failing to stop the mule and cars by the use of the sprag he attempted to unhitch the mule from the forward car, in doing which he received his injuries as previously stated. Appellee does not appear to have been contradicted by any other witness as to the manner of receiving his injuries, but his testimony in many other respects, met with contradiction from appellant's witnesses. It does not appear from the evidence how long appellee had been·driving the mule by which he was injured, but he had evidently been in charge of it the day before his injuries were received, because it appears from his own testimony that the mule then attempted to run away. He testified, however, that he could not have known that the mule was vicious or unsafe, until it made the first attempt to run away, and further that when he was put in charge of the mule he was informed by Davis, appellant's mine foreman, that it was a docile, safe animal, upon which assurance he relied. He stated, however, that when the mule made the first attempt to run away he made complaint of that fact to Davis and told him some of the drivers said the mule was vicious and unmanageable; but that Davis laughed at his statement and again declared the mule to be altogether docile and safe; whereupon, appellee, relying upon these representations of Davis, as to the character of the mule, continued to drive it until injured. Davis, the mine foreman, and several other witnesses introduced in appellant's behalf testified that the mule was not a vicious or unmanageable animal, but was trained to the work of pulling cars in the mine and was a safe, reliable animal for such work; and that appellee was as well acquainted with the qualities of the mule as any other driver in appellant's employ. It will thus be seen that there was a contrariety of evidence as to the character and qualities of the mule and as to appellee's knowledge thereof, as well as the question whether appellant was guilty of negligence in providing appellee with a mule not reasonably safe for the work required of him, which necessitated the submission of the case to the jury on those issues; there-

fore, the refusal of the peremptory instruction was not error; and the fact that the jury gave more weight to appellee's testimony on these points than they did to that of appellant's witnesses, affords no reason for disturbing the verdict upon the ground that it was flagrantly against the evidence.

We do not overlook the testimony of Davis, the foreman, to the effect that when appellee was put in charge of the mule he told him that upon approaching or passing an entry in going to where the cars were to be taken, if the mule became frightened or attempted to go into such entry, that he (appellee) should go to his head, take hold of the bridle and lead him until the entry should be passed or the mule get over his fright, and that appellee's injuries were caused by his failure to pursue the course indicated; but on the other hand, appellee testified that no such advice was given him as claimed by Davis, and that the course he took in attempting to release the mule from the forward car presented the only apparent means of preventing his injuries; moreover, that it was the custom of appellant to provide the driver of a mule regarded as at all times unsafe, with check-reins or lines to control him, but that he (appellee) was not provided with such check-reins or lines.

While one undertaking to drive a mule in a mine assumes the dangers ordinarily incident to such an occupation, the assumption of risk cannot be said to apply if the owner of the mine knowingly furnishes him with a vicious mule, unsafe for use and the servant does not know of the viciousness and unsafeness of the animal. Green River Coal & Coke Company v. Phaup, 137 Ky., 34; Baker v. Crescent Hill Coal Company, 142 Ky., 191.

It is insisted for appellant that a mule is inherently an unreliable and dangerous animal, and that one who drives him must be regarded as assuming any and all risks attending such work. It will be conceded that the reputation of the mule for gentleness and reliability is not as good as that of the horse, but it is likewise true that all mules are not vicious. But without regard to the popular estimate of the animal, we know of no rule of law that will exempt the owner of a mule from responsibility to his employe injured by it while in his service, where the latter, being unacquainted with the vicious propensities of the animal is injured because induced by the owner's assurance of its gentle and reliable qualities, to omit, in his use of it, some precaution for his safety

that, as a person of ordinary prudence, he would otherwise have taken.

It is contended by appellee that he was injured by reason of the unsafeness or viciousness of appellant's mule and the negligence of the mine foreman, in falsely representing to him that the mule was gentle and reliable, instead of warning him of its unsafeness and of the necessity of taking more than the usual precautions in his use of the mule; while on the other hand it is the contention of appellant that appellee knew the unsafe qualities of the mule and that his negligent manner of driving and controlling the mule caused his injuries. There was evidence to support each of these contentions, and the questions as to whether appellee's injuries were caused by the negligence of appellant or by his own negligence were properly submitted, by the instructions given, to the decision of the jury.

It is further insisted for appellant that appellee's injuries were slight, and that even the small amount of damages awarded him by the jury is excessive. This contention is unsupported by anything appearing in the record. It appears from the uncontradicted testimony of several witnesses that appellee was unconscious when removed from the mine, immediately following the infliction of his injuries, and that they were of a character to confine him for two or more weeks to his boarding house and keep him from work. The evidence also shows that while so confined he passed blood from his bowels, bladder and lungs. A physician introduced by appellant testified that appellee, previous to and at the time of receiving his injuries, was afflicted with the gonorrhea, for which he treated him; but upon being asked if the gonorrhea would have produced the passage of blood from the bowels, bladder or lungs of appellee the physician said it would not. Leaving out of consideration any question as to the permanent effect of the injuries received by appellee, the loss of time or of wages while he was unable to work, the physical and mental suffering resulting from the injuries, entitled him, if he should have recovered at all, to the compensation allowed him by the verdict of the jury.

Judgment affirmed.