**Hubert ADAMS, Appellant,**

v.

**Raymond CRANDALL, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1967.

Hobson L. James, Elizabethtown, for appellant.

David Waterman, Allan Weiss, Louisville, Faurest & Collier, Elizabethtown, for appellee.

CLAY, Commissioner.

Appellee plaintiff recovered a judgment for personal injuries sustained when he was knocked down and injured by appellant defendant's cow. The basic issue on appeal is whether defendant was entitled to a directed verdict on the ground that plaintiff assumed the risk or was contributorily negligent.

Plaintiff and defendant were farmers and it appears the latter was the more experienced in the care and treatment of animals. One afternoon defendant discovered that one of his cows had a broken horn. With the help of his tenant he put the cow in a stall and it was planned to treat the horn with a spray bomb. The cow had passively entered the stall but when defendant and his tenant undertook to place a rope around her neck she became excited, agitated and unruly. During these maneuvers the cow swung her head and knocked the tenant into a trough. The unavailing attempts to administer to the cow took about forty-five minutes.

Defendant then sought the assistance of his neighbor, the plaintiff. The latter testified defendant assured him they had had no trouble getting the cow in the stall, and learning of the nature of the injury, it was his opinion that it would not cause pain nor would it make the cow skittish or nervous.

When plaintiff stepped into the stall the cow whirled upon him, knocking him down and causing his injuries. It is significant that he had not touched the cow or begun the process of treatment.

The basis of plaintiff's claim is that defendant negligently failed to warn him that the cow had become agitated and unruly by reason of the acts of defendant and his tenant in trying to rope and confine her. Plaintiff was familiar with this particular cow and as far as he knew she was a gentle, docile animal.

Defendant states as one of the grounds of appeal that he was not negligent, but this argument is not pressed in the brief. A jury issue was presented and properly submitted on this point. See Brooks v. Brooks, 21 Ky.Law Rep. 940, 53 S.W. 645. Defendant's real argument is that plaintiff was contributorily negligent in ignoring the potential danger and assuming the risk.

Attention is called to our recent case of Parker v. Redden, Ky., wherein the doctrine of assumption of risk was abolished. We decided that cases which involve what may in fact constitute an assumption of a known risk may be more practically resolved on the issue of contributory negligence. We observe that in the present case the trial court properly submitted that issue to the jury, if the facts justified such submission. The question is whether or not the plaintiff exercised ordinary care for his own safety, the apparent risk involved being one of the significant circumstances.

Defendant would have us declare as a matter of law that plaintiff was contributorily negligent. The facts of this case do not justify such a holding. Reasonable minds could differ on the question of whether the plaintiff, with no reason to anticipate that the cow was in an unruly mood by reason of defendant's abortive attempts to rope and treat her, was exercising ordinary care when he stepped into the stall. While certain animals have vicious propensities, we cannot say as a matter of law that

plaintiff failed to exercise reasonable care in approaching an apparently docile cow. As far as he knew there was no serious risk involved. A jury could properly find he was exercising due care for his own safety under the circumstances.

The principles applied in Gatliff Coal Co. v. Wright, 157 Ky. 682, 163 S.W. 1110, are applicable here.

The judgment is affirmed.

All concur.