## American Milling Company v. Bell.

(Decided January 4, 1912.)

### Appeal from Daviess Circuit Court.

Master and Servant—Injury to Servant—Liability of Master.—The master is not liable to the servant for an injury received from a danger which he himself created in the progress of the work of which he had charge, the premises being reasonably safe when he began the work.

E. B. ANDERSON for appellant.

LAVEGA CLEMENTS, GEO. S. WILSON, BEN D. RINGO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

The American Milling Company operates a mill at Owensboro in which it uses a large quantity of cotton seed meal. A. J. Bell was a laborer in its employment in November, 1909, and had been for about three years. The cotton seed meal was in bags of about 100 pounds weight and about two feet long. These bags were stacked in ricks on one side of the room where Bell worked. It was his duty to carry the bags from the ricks to the hopper and there untie them. The meal was then poured into the hopper by another man. While Bell was thus engaged a rick of bags which had been stacked in the room the night before, fell over. The rick was about seventeen bags high. He saw it was about to fall on him and undertook to get out of the way, but he slipped upon the floor and fell; and before he could move, the bags fell upon him breaking his thigh. He brought this suit against the milling company to recover for his injuries, charging that the company had been negligent in failing to furnish him with a reasonably safe place to work, and that the bags were negligently stacked. On a trial of the case before a jury he recovered $500; the company appeals.

The only question we deem it necessary to consider on the appeal is whether the court should have peremptorily instructed the jury to find for the defendant. Bell testified in substance that the floor was slick; that there was much dust in the room and he could not see well; that it was usual for him to have an assistant, but he had none that day and that no ladder was furnished him to get the bags down from the top of the rick. He also testified that he had taken no bags off the rick that fell; that he was working on the rick in front of it, and was getting these bags up off the floor, and that as he came up to get a bag he noticed the other rick falling over on him and tried to get out of the way but could not. There is in the evidence for him no explanation as to why the rick fell. The evidence for the defendant is to the effect that Bell contrary to orders was pulling bags out near the bottom of the rick and that this caused the bags at the top to fall over on him. But this evidence can not be considered on the question of the peremptory instruction. Bell had been working in the mill long enough to be perfectly acquainted with the situation. He knew the nature of the floor as well as anybody. If the floor was slick he knew it and took the risk of falling upon it. If the assistant should have been furnished him he took the

risk·of working without an assistant as he made no complaint. He did not ask for a ladder or any means of getting the bags down. So the case is narrowed to the simple question whether the fact that the rick of bags fell without any·proof as to the cause of the fall is sufficient to make out for Bell a prima facie case of negligence on the part of the master.

It is the duty of the master to exercise ordinary care to furnish the servant a reasonably ·safe place to work. It is not incumbent on the master to furnish a safe place; for there are many occupations which are attended with more or less danger however much care may be used by the master. It is only the duty of the master to exercise ordinary care to provide a reasonably safe place for the servant to work. The rule is also that the master is not responsible for a danger which the servant himself creates in the progress of the work. If the master exercises ordinary care to furnish the servant a reasonably safe place to work and the servant in the course of his work makes the place unsafe, and is injured by reason of a peril which he himself created, the master is not liable. (Big Hill Coal Co. v. Abney, 125 Ky., 355; Smith v. North Jellico Coal Co., 131 Ky., 196.)

When Bell moved the rick in front, the rick next to it fell down and caught him. The rick which thus ·fell could not fall so long as the other rick was in front of it. There was no danger of the back rick falling while the rick in front remained where it was. The place was perfectly safe when Bell began the work. The fall of the rick in question may have been due to the fact that this rick leaned against the rick in front and when its support was removed by Bell it fell over. The evidence tends as much to show this as it does to show that the rick fell from any other cause. If this is true, his own act in removing the front rick without taking steps to protect. himself from the other rick which leaned against it, caused his injury. It was incumbent upon him to use ordinary care for his own safety in doing the work. He was in charge of it. He could have taken down one rick part of the way and then worked on the other rick by taking some of it down and thus avoided the trouble that ensued. Under his own evidence he produced by his own acts the danger ·in which he placed himself, and can not recover of the master therefor.

The court should have instructed the jury peremptorily to find for the defendant.

Judgment reversed and cause remanded for a new trial, and further proceedings consistent herewith.