## Old Diamond Coal Company v. Denney.

(Decided October 28, 1914.)

Appeal from Laurel Circuit Court.

1. Mines—Duty to Prop Roof.—Sub-section 7 of Section 2739b of the Kentucky Statutes, which requires a mine owner or operator to furnish props to the miner to be used by the miner in securing the roof of his room and at such other working places where, by law or custom of those usually engaged in such employment, it is the duty of the miner to keep the roof propped, does not impose the duty of propping the roof of the mine upon either the miner or the operator; that duty may, by agreement or custom, be imposed upon either the miner or the mine owner.

2. Evidence—Competency of Under Section 2739b, Kentucky Statutes, Sub-section 7, Relating to Injuries Received in Mines.—In an action by a miner for injuries received from the falling of the roof of a mine, it is competent, under Sub-section 7 of Section 2739b of the Kentucky Statutes, to show whether it was the duty of the miner or of the mine operator to prop the roof of the mine.

CLAY & BOREING and MATTHEW WALTON for appellant.

C. C. WILLIAMS and H. J. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

While the appellee Denney was working for the appellant as an operator of a machine in cutting coal in appellant's mine, he was injured by slate falling from the roof of the room in which he was working. Appellee brought this action for damages, alleging that the roof was unsafe and dangerous; that its condition was known to the appellant, but unknown to the appellee; that the appellant's mine foreman told appellee that the room was perfectly safe, and that appellee relying upon said statement, was at work in said room at the time he was injured, on May 5, 1913. The petition further alleged that it was no part of appellee's duty to keep the room where he was at work in good order or condition, or to prop the roof thereof, but that it was the duty of the company to do so.

The answer contained a traverse, and a plea of contributory negligence.

Upon a trial the plaintiff recovered a verdict and judgment for $2,550.00, and the defendant appeals.

The principal issue raised by the pleadings and pre-

sented on the trial was, as to whose duty it was to inspect the roof of the room from which the slate fell; the plaintiff claiming it was defendant's duty to make the inspection and to prop the roof, while defendant insists it was plaintiff's duty to inspect the room; to call for such props as were needed, and to see that the roof was securely propped.

On this issue the appellee testified, over the objection of the appellant, that it was the appellant's duty to prop the roof in question, and that the appellant's mine boss told appellee he had fixed the roof, after inspection, and that it was safe. Appellee further testified that he would not have worked in the room except for this assurance from the mine boss.

Sub-section 7 of section 2739b of the Kentucky Statutes, reads as follows:

"Each owner, lessee, or operator of every mine to which the mining laws of the State apply, shall provide and furnish to the miners employed in said mine a sufficient number of caps and props, said props to be sawed square at each end, to be used by said miners in securing the roof in their rooms, and at such other working places where by law or custom of those usually engaged in such employment it is the duty of said miners to keep the roof propped, after the miner has selected and worked (marked) the same."

Appellant contends that this statute places upon the miner the duty of securing the roof of the room in which he works, and that it was incompetent for the appellee to show that that duty was upon the company. There is no question here of the failure of the mine owner to furnish the miner with a sufficient number of caps and props as required by the statute above quoted; the controversy here relates solely as to whose duty it was to prop the roof of the room in which appellee was at work.

The trial court having ruled that it was competent for plaintiff to show that it was the custom of this mine for the mine owner to prop the roof, appellant offered to rebut that testimony by showing that the custom of this mine imposed upon the machine operator the duty of inspecting the roof under which he was working, and of seeing that it was securely propped by the "loaders;" and, that if the "loaders" failed to discharge their duty, then it was the duty of the machine operator to notify the foreman or bank boss of that fact.

Appellant further offered to prove that the United

Mine Workers of America, a labor organization, had an agreement with the appellant by which it was the duty of the machine operator to direct his "loaders" to prop the slate roof, and that if they did not do so, and it became dangerous, the miner should then report it to the boss.

The trial court, however, refused to admit any of this evidence offered by the appellant, upon the ground that the appellee was employed for the only purpose of operating the machine, and was not, under his contract, called upon to do anything more.

The court was of opinion that the question as to whose duty it was to prop the mine was concluded against appellant's contention by the statute, and the decision of this court in Williams Coal Co. v. Cooper, 138 Ky., 287. It is true the opinion in the Cooper case says it was no part of the duty of Cooper to prop the rooms, and that section 2732 of the Kentucky Statutes makes it the duty of those whose business it is to prop a mine liable to a penalty for failure to do so, and applies only to those charged with that duty. That opinion, however, did not refer to sub-section 7 of section 2739b, above quoted, which is admitted to be controlling in this case. It did not undertake to say whose duty it was under sub-section 7 of section 2739b, *supra,* to prop the mine; it only held it was the duty of the company to do so, under the facts of that case.

While sub-section 7 of section 2739b, *supra,* imposes upon the operator of a coal mine the peremptory duty of furnishing to the miner such props and caps as are necessary to make safe the roof of the miner's working place, when request therefor is made, it does not, by virtue of its terms, impose the duty of propping the roof upon the miner or the mine operator. That duty may, by agreement or custom, be imposed upon either the miner or the mine owner.

The issue being, therefore, as to whose duty it was to prop the mine, under the custom of the mine or the agreement between the miners and the operator, the court improperly rejected the evidence offered by the defendant upon that issue. The evidence of appellee upon that issue being competent, clearly similar evidence by the defendant upon the same issue was likewise competent.

The instruction was likewise erroneous, since it

carried out the idea of the trial court that the evidence offered by the appellee to show the agreement or custom, was inadmissible.

For these errors the judgment is reversed and the case remanded for a new trial.