## North East Coal Company v. Setzer.

(Decided March 21, 1916.)

### Appeal from Johnson Circuit Court.

1. **Master and Servant—Assumption of Risk.**—A servant working under the immediate supervision and direction of a superior in driving and making safe an original entry in a mine does not assume the risk of working under an apparently defective roof, when he is assured by the superior that the place is safe, unless the danger is so obvious that a reasonably prudent person would have refused under similar circumstances to do the work.

2. **Master and Servant—Safe Place to Work.**—Where the petition alleges facts showing that the master negligently failed to furnish the plaintiff a reasonably safe place in which to work, but for which the accident would not have occurred, and presents evidence showing his injuries resulted therefrom, he has made out a case for the jury, even though the petition did not in specific terms allege the accident resulted from the failure to furnish a safe place.

H. S. HOWES and FOGG & KIRK for appellant.

J. F. BAILEY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee was working for appellant as a "loader" under the immediate supervision of Troy McKenzie, a "miner," on October 20, 1913, when a large piece of slate fell from the roof of the mine upon him, breaking his leg and inflicting other injuries.

He brought this suit against the company and recovered a verdict and judgment of $2,500.00, to reverse which appellant is appealing, relying upon the following grounds: (1) That the court erred in refusing to give a peremptory instruction. (2) That the court erroneously instructed the jury in instructions number two and number three. (3) That the verdict is excessive. (4) That the court erred in refusing to submit to the jury the question of whether or not Troy McKenzie was superior in authority to appellee. (5) That the verdict is not supported by the evidence.

1. The third objection assigned is not seriously urged by counsel in brief, and while the verdict is perhaps large, it is not, in our judgment, so excessive as to suggest passion or prejudice in its finding, and therefore the judgment for that reason will not be reversed. Civil Code, Sec. 340; New Bell Jellico Coal Co. v. Sowders, 162 Ky. 443.

2. Counsel complain because the court did not submit whether McKenzie was superior in authority to appellee to the jury, but we do not think this was error, because the evidence shows conclusively and without contradiction that Troy McKenzie was the superior in authority. Hobson, Blain & Caldwell on Instructions, Sec. 38; Illinois Cent. R. Co. v. Poston, 125 S. W. 253.

3. Counsel for appellant argue with much earnestness that the court erred in overruling at the close of appellee's testimony the motion for a directed verdict. They base this contention upon the fact that the petition alleged that the accident resulted from the failure of the appellant to furnish proper props when requested so to do by appellee, and because the evidence for appellee failed to show that appellant did not furnish or that he ever selected or marked any props as he was required to do under the law then in force before he was entitled to hold appellant liable therefor.

If this had been the only ground set up in his petition by appellee, and appellant argues it was, the peremptory should have been given, but we cannot agree with appellant that appellee's petition bases his right of recovery solely upon the failure to furnish props.

The petition, after alleging the failure to furnish props and assigning that as the cause of the accident, further alleges that "it was the duty of defendant at the time of said injury to furnish plaintiff a reasonably safe

place in which to work, but it negligently and carelessly failed to do so in that it permitted the roof of said mine to be and to remain in an unsafe condition, which was known to defendant, or by the exercise of ordinary care could have been known to defendant, and said unsafe and dangerous condition was not known to plaintiff and by the exercise of ordinary care could not have been known to him.

"At and shortly before the time of said injury plaintiff was told and assured by defendant, its agents, servants and employes over him that the roof of said mine where plaintiff was required to work and where said injury occurred was safe, and relying upon said statements this plaintiff continued to work in said mine at said place, and but for which statement and assurance he would not have been working therein at the time of said injury."

The petition, while not very accurately drawn, seems to us ample to charge that the accident resulted from appellant's negligence and failure to furnish him a safe place in which to work because of the unsafe condition of the roof under which he was induced to work by the representations of the superior officer, that the roof in fact was not dangerous even though there was in it an apparent defect. There was no motion to elect or to strike out and the case was tried out under the unsafe place charge alone.

Appellee did not introduce any witness but himself as to how the accident occurred, but his evidence was sufficient to take the case to the jury upon his pleading that he had been injured by reason of the negligent failure of the appellant to furnish him a reasonably safe place in which to work, although he had failed to make out a case against the company because of its failure to furnish props, and the court therefore did not err in overruling the motion for a peremptory instruction.

4. The two instructions given by the court over appellant's objection, which it insists were prejudicially erroneous, are as follows:

"No. 2. The court instructs the jury it was the duty of the defendant, North East Coal Company, to exercise ordinary care to furnish the plaintiff, Winfield Setzer, a reasonably safe place in which to work, considering the nature and character of the work he was required to do, and if the jury believe from the evidence that the defendant's employe superior in authority to

the plaintiff, who had the work in charge, directed the plaintiff to remove the coal from under the slate where plaintiff was required to work when he was injured, and that the place where the plaintiff was directed to remove said coal, by reason of said loose slate, was a dangerous or unsafe place in which to do the work of removing said coal, and the said superior, in charge of said work for the defendant, knew, or by the exercise of ordinary care could have known, that it was a dangerous or unsafe place in which to do said work, and was dangerous to remove said coal in the manner directed, and that the plaintiff did not know, and by the exercise of ordinary care could not have known, that it was a dangerous and unsafe place in which to do said work of removing said coal, and that by reason of the dangerous and unsafe condition of said place the plaintiff was injured in his legs and hips by falling slate, and was caused to suffer physical pain and mental anguish, or his power to earn money was impaired, they will find for the plaintiff. Unless the jury so believe and find, they will find for the defendant.

"No. 3. If the jury believe from the evidence that the defendant's servant superior in authority to plaintiff, and in charge of said work, stated to the plaintiff that it was safe to remove the coal from under said slate, then the plaintiff had a right to rely on the said statement as true, and continue the work of removing said coal, without assuming the risk of injury of falling slate, if the danger of removing said coal was not so obvious and imminent that a reasonably prudent person would not have undertaken the work. And if the jury believe from the evidence that plaintiff's superior in charge of the work did assure the plaintiff that it was safe to remove the said coal and the plaintiff relied upon such statement and the superior knowledge of the superior servant, and was thereby induced to continue said work, and while doing so and exercising ordinary care for his own safety was injured, the law is for the plaintiff, and the jury will so find; unless they shall further believe from the evidence that the danger of continuing said work was so obvious and imminent that a person of ordinary prudence would not, under the conditions have continued the work, and if they so believe and find, they shall find for the defendant."

The objection urged against instruction number two is that it was a reversible error upon the part of the court to instruct the jury that the master was under the duty of furnishing a reasonably safe place in which to work in a case like this where the servant was engaged in a work of preparation, and when by the very nature of the work the condition of the place was constantly changing, citing Eagle Coal Co. v. Patrick, 161 Ky. 335; Walsend Coal & Coke Co. v. Shields, 159 Ky. 644; Proctor Coal Co. v. Beaver, 151 Ky. 846; Smith v. North Jellico Co., 131 Ky. 196; and Williams Coal Co. v. Cooper, 138 Ky. 287.

In the cases cited the parties against whom the rule was invoked were "miners," who were getting the coal out and preparing an entry under the general supervision of a mine boss, who was not present and directing the work, but they were following their own methods and judging for themselves at their own risk of the safety of the conditions that they themselves were creating. This case is not similar nor analogous to any of these cases. Here the appellee was a mere "loader," not a "miner," working under the very eye of his superior, Troy McKenzie, and when he was assured by McKenzie that the roof of the mine in which they had discovered the crack was not dangerous, and McKenzie directed him to go ahead and shovel the coal from under that roof, he, although he had misgivings as to the safety of the place, had a right to rely upon the superior knowledge of his superior, unless the danger was so obvious that a reasonably prudent person would have refused to do the work. City of Owensboro v. Gabbert, 135 Ky. 346; Interstate Coal Co. v. Garrard, 163 Ky. 235; North East Coal Co. v. Hunley, 163 Ky. 817; Ada Coal Co. v. Linville, 152 Ky. 2; and Runians v. Keller & Brady Co., 141 Ky. 826.

The objection to instruction number three is that it permitted a recovery without regard to whether the assurance of safety given to appellee by McKenzie was negligently given by him, and without requiring the jury to believe from the evidence at the time the assurance was given, that the place was then in fact unsafe. While it would have been better no doubt to have incorporated these features into the instruction, or better still to have made instructions two and three interdependent, still we cannot believe that appellant was prejudiced in

any way by the giving of this instruction under the proof here.

The assurance of safety, if given at all, was given immediately before the slate fell from the roof, and the jury could not have escaped the conclusion that the place was dangerous at the time and the assurance negligently given, if given by McKenzie at the time alleged by appellee, Setzer, and unless they had so believed they could not have found as they did.

5. It is true that appellee was contradicted not only in his account of how the accident occurred, but in the matter of his having been assured by McKenzie that the roof was safe, and of his having been directed to do any work at that place, by much and probably a preponderance of the evidence. But it is the special province of the jury to decide these questions of fact when the evidence is contradictory, and it is not the province of this court to interfere with the jury's finding in such a case, unless the verdict is palpably and clearly against and unsupported by the evidence. We are not prepared to say, after carefully reading all of the evidence, that such is the case here, and having concluded that there was enough evidence to carry the case to the jury, and that the instructions given by the court were free from prejudicial error, it results that the judgment must be affirmed.