## Elkhorn Coal Corporation, et al. v. Butler.

(Decided March 14, 1922.)

### Appeal from Letcher Circuit Court.

1. Master and Servant—Injuries to Minor—Question for Jury.—In a miner's action for personal injuries evidence examined and the question whether the company and its mine foreman exercised ordinary care to provide plaintiff a reasonably safe place to work held for the jury.

2. Damages—Personal Injuries—Excessiveness.—In an action for personal injuries a verdict of $5,500.00 was not excessive where the evidence showed that plaintiff's hip was thrown out of joint and his leg shortened; that his hands were cut and mangled and he no longer has proper use of his fingers; that he suffered intensely, lost several months' time from his work, and at the end of four years was still unable to do the work that he formerly did.

E. C. O'REAR, W. G. DEARING, ALLIE W. YOUNG and FIELDS & FIELDS for appellants.

COX & GRAYOT, H. C. FAULKNER and DAVID HAYS for appellee.

Opinion of the Court by Judge Clay—Affirming.

S. L. Butler brought suit against the Elkhorn Coal Corporation and H. D. Jones, its mine foreman, to recover damages for personal injuries. From a verdict and judgment in his favor for $5,500.00 the defendants appeal.

At the time of the accident which occurred on March 23, 1916, Butler was employed as a loader in one of the company's mines. In the performance of his duties he was required to go to a point in the mine about 150 feet distant from the room where the loading was done to receive the empty cars and push them to the place where they were loaded. His route lay along the entry and through room No. 3. On the occasion in question he was pushing an empty car, and upon reaching a point just inside of room No. 3, and where it connected with the entry, a large quantity of slate fell and injured him. At the place of the accident room No. 3 was about 11 feet wide and the entry of the same width. Opposite room No. 3 was a break-through about 8 feet wide. The roof at the place of the accident was not protected by props or cross timbers. Landrum, the slate boss, testified that he inspected the room about two hours before the accident. He noticed the roof as he went in and came out and saw nothing to indicate that it was dangerous. While he made soundings in other parts of the room, he did not remember making any inspection of the place where the slate fell. H. D. Jones, the mine foreman, testified that he had been through that section of the mine the day before. In going through he just made a general examination of the room and saw nothing to indicate that the roof was dangerous. There was further evidence that the room where the accident occurred was so narrow that it was not practicable to set up props or cross timbers, and the witnesses regarded it as safer to have narrow rooms without props or cross timbers than broad rooms with them.

The statute provides that the mine foreman or assistant shall visit and examine every working place in the mine not less than twice each week while the mine is in operation, and shall direct and see that every working place is properly secured by props or timber, and shall see that no person is directed to work in an unsafe place unless it be for the purpose of making it safe. Subsection 4, section 2726, Kentucky Statutes. As the accident occurred not in plaintiff's room, but in another room which

was used as a passageway and through which plaintiff was required to pass, it is conceded that the statute applies, but insisted that the evidence shows that a proper inspection was made, and that everything was done to make the place reasonably safe. As the fall of the roof so soon after it was inspected demonstrated that it was not reasonably safe, the statement of the inspector, that he examined the roof and found it safe, was not conclusive, Williams Coal Co. v. Cooper, 138 Ky. 287, 127 S. W. 1000, especially in view of the fact that he did not remember whether he inspected the roof at the place of the accident or not. But, aside from this, inspection is not the only duty imposed by the statute. It goes further and requires the mine foreman or his assistant to see that every working place is properly secured by props or timber. As this was not done, although there was evidence from which the jury had the right to infer that it was necessary in order to make the roof reasonably safe, it was for the jury to say whether there was a failure of duty on the part of the defendants.

Another contention is that the verdict was excessive. According to plaintiff's evidence, his hip was thrown out of joint and his leg shortened. Not only so, but his hands were cut and mangled and he no longer has proper use of his fingers. For a long time his suffering was intense, and he still continues to suffer from his injury. He lost several months' time from his work, and at the time he testified, which was four years after the accident, he was still unable to do the work that he formerly did. In view of these facts, we cannot say that the verdict of the jury was so excessive as to indicate that it was the result of passion or prejudice.

Judgment affirmed.