## Young v. Thompson.

(Decided March 14, 1922.)

### Appeal from Warren Circuit Court.

Mines and Minerals—Lease—Pleading—Notice—Sufficiency.—In an action to cancel an oil and gas lease, the notice that the lease should be cancelled for nondevelopment was defective, nor does the petition state when the notice was served or delivered. Under the rule that upon general demurrer every pleading must be construed strongest against the pleader, the demurrer to the petition was properly sustained.

HERDMAN & ROPER for appellant.

GAINES & GARDNER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Young is the owner of a tract of 160 acres of land situated about seven miles from Bowling Green in Warren county, Kentucky, upon which he executed to appellee Thompson on October 1, 1919, an oil and gas lease which by its terms was to run for five years from its date and as long thereafter as oil or gas, or either of them, "is produced or operations continue thereon." Besides many other terms and conditions the lease contained the following:

"The party of the second part agrees to commence a well on said premises within three months from the date hereof, or pay a rental at the rate of $500.00 for each additional twelve months such commencement is delayed from the time above mentioned for the commencement of such well until a well is commenced."

No well was commenced upon the premises within the three months allowed by the lease, and on January 20, 1920, Young instituted an action in equity in the Warren

circuit court by which he sought cancellation of the lease because it was obtained by fraud. By amendment he asked to have the lease contract reformed so as to express the real agreement between him and his lessee. Issue being joined and evidence taken the chancellor dismissed his petition on March 11, 1920. Appeal was granted from that judgment but none prosecuted. On March 13th following Young addressed the following letter to Thompson, whose residence is alleged to be Petersburg, Indiana:

"Without waiving my rights in any way, I am hereby giving you notice that you must begin development of my property upon which you are claiming a lease for oil and gas before May 1, 1920, by drilling a well upon my property and continue the drilling of several wells diligently, if necessary, for a fair test of the property for oil and gas.

"Unless you begin development of the premises within the time indicated above and continue same for a fair test, I will bring suit and assert my rights to cancel this lease in the Warren circuit court, as the law permits. Should you begin development in good faith in the time above indicated, which is a reasonable time, I will forego and waive all my rights of appeal in the case recently determined between us in the Warren circuit court."

No drilling being commenced upon the premises by Thompson before May 1, 1920, as set forth in the notice above copied, this action was commenced by Young against Thompson in the Warren circuit court on May 4, 1920, for an annulment and cancellation of the oil lease for nondevelopment, for want of consideration and for lack of mutuality.

There was no development of the lease. The contract specifically provided that in case no well was commenced upon the premises within the three months next following the execution of the contract, the lessee, Thompson, was to pay "a rental at the rate of $500.00 for each additional twelve months such commencement is delayed," and it is admitted, and we think rightfully so, that Thompson, the lessee, was not only liable to Young, the lessor, for each full period of one year which drilling was delayed, but he was also liable for each fraction of the year such drilling was postponed in the ratio that such delay bore to a full year calculated on the basis of $500.00 per annum.

After filing answer the defendant Thompson entered a motion for a temporary injunction against Young re-

straining him from interfering with Thompson in the development and operation of the oil lease. This was based upon affidavits as well as a paragraph in the answer of Thompson showing that Young would not allow drillers to place oil well machinery upon the premises for the purpose of drilling wells.

The court upon hearing the motion for injunction sustained the same, there being no traverse of the averments of the answer nor counter affidavits on behalf of Young. At the same time defendant Thompson, who had theretofore filed a general demurrer to the petition, moved that said demurrer be sustained, and thus the court, after hearing argument, ruled, and the plaintiff declining to further plead, his petition was dismissed and the temporary injunction made permanent, and this is the judgment from which this appeal is prosecuted.

The basis of the plaintiff's contention that the oil lease should be cancelled for nondevelopment, is the notice which he avers he gave by registered letter to Thompson at Petersburg, Indiana, requiring him under pain of forfeiture of the lease to proceed with the development by commencing to drill a well or wells on the premises before May 1, 1920. We have frequently held that a lessee cannot indefinitely hold, without development, an oil lease, it being the object of the lessor to obtain the royalties from the mineral rather that the stipulated rentals, and if a lessee fail after reasonable notice to proceed with development, the landlord, having refused to accept rentals for the extension of the term, may have a cancellation of the lease. Whether the facts of this case would justify such a cancellation it is unnecessary for us to determine, for we are confronted only with the question as to whether the petition states facts sufficient to constitute a cause of action. We think it does not, and the general demurrer was properly sustained. In attempting to plead the notice to the lessee, Thompson, the petition avers: "That on March 13, 1920, this plaintiff gave to said defendant written notice by registered mail addressed to his post office address in Petersburg, Indiana, which was duly delivered to defendant; said notice required said defendant to develop said lease on or before May 1, 1920, which time so given said defendant was a reasonable period of time to begin said development, which was the consideration of the granting and giving of said lease, and within which time it was defendant's duty to begin said development as the law re-

quires, and defendant having failed to begin said well in said time, this lease should be cancelled for nondevelopment, and is now null and void.'' A copy of the notice was filed and made a part of the petition. As said above, it is dated March 13, 1920, but it has no return on it showing when it reached appellee, Thompson. While it is averred, ''that on the 13th day of March, 1920, the plaintiff gave to said defendant written notice by registered mail, addressed to his post office address in Petersburg, Indiana, which was duly delivered to defendant,'' there is no averment or showing in the pleading as to when the notice came to Thompson. As every pleading upon general demurrer must be construed strongest against the pleader it will be presumed from the foregoing averments that the notice did not reach Thompson until about May 1st, and that there was not sufficient time between its delivery to Thompson and the first day of May in which to begin the drilling of a well upon the premises as required by the notice. There are other defects in the pleading which it is unnecessary here to notice.

Judgment affirmed.