## Duvin Coal Company v. Fike.

(Decided March 17, 1931.)

(As Modified on Denial of Rehearing May 19, 1931.)

378

WITHERS & LISMAN and J. C. CANNADY for apellant.

HENSON & TAYLOR and VERT C. FRASER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Robert A. Fike recovered a judgment for $1,250 against the Duvin Coal Company for personal injury. The coal company has prosecuted an appeal, insisting that it was entitled to a peremptory instruction, and that it was prejudiced by errors in the instructions to the jury and in the admission of testimony. Fike was a coal loader employed by the defendant in its coal mine, and, while engaged in his work, was hurt by a fall of slate.

The argument of appellant for a peremptory instruction is predicated upon the assertion of an entire absence of proof tending to show any breach of duty owed by it to the plaintiff.

It is accurately assumed that the liability of the defendant depended upon proof of its negligence, proximately resulting in the injury to plaintiff, notwithstanding the fact that it had not elected to operate under the Workmen's Compensation Law (Ky. Stats., sec. 4880 et seq.). Horse Creek Mining Co. v. Frazier's Adm'x, 224 Ky. 211, 5 S. W. (2d) 1064; West Kentucky Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479.

The pertinency of that fact is confined to the defenses available, and does not affect the burden resting upon the plaintiff to prove primary negligence on the part of defendant, proximately producing the plaintiff's

injury. Nugent Sand Co. v. Howard, 227 Ky. 93, 11 S. W. (2d) 985.

The case was pitched upon several grounds of negligence, but it was submitted to the jury solely upon the hypothesis of a failure of the defendant to exercise ordinary care to furnish the plaintiff a reasonably safe place to work, and the consideration of the argument will be confined accordingly.

The duty of the master to exercise ordinary care to provide the servant with a reasonably safe place to work is imposed by law, and, in circumstances where the duty obtains, it may not be delegated so as to excuse its nonperformance, 39 C. J., sec. 441, p. 308; sec. 445, p. 322; Interstate Coal Co. v. Molner, 150 Ky. 321, 150 S. W. 372; Kelly & Shields v. Miller, 236 Ky. 698, 33 S. W. (2d) 662; Northern Pacific Railway Co. v. Herbert, 116 U. S. 642, 6 S. Ct. 590, 29 L. Ed. 755.

In mining cases, the duty of the master respecting a safe place for his servants to perform the work assigned to them may or may not apply according to the particular circumstances prevailing at the time and place of the accident. Gatliff Coal Co. v. Wright, 157 Ky. 682, 163 S. W. 1110; Eagle Coal Co. v. Patrick, 161 Ky. 333, 170 S. W. 960; Trosper Coal Co. v. Crawford, 152 Ky. 214, 153 S. W. 211; Old Diamond Coal Co. v. Denney, 160 Ky. 554, 169 S. W. 1016. When a danger that may encompass a servant is created by him in the necessary progress of the work he is doing, the safe place doctrine has no application. Boyd v. Crescent Coal Co., 141 Ky. 789, 133 S. W. 777; Atlas Stone Co. v. Ingram, 193 Ky. 272, 235 S. W. 721; Proctor Coal Co. v. Beaver, 151 Ky. 839, 152 S. W. 965; Wight v. Cumberland T. & T. Co., 137 Ky. 299, 125 S. W. 718; Smith v. North Jellico Coal Co., 131 Ky. 196, 114 S. W. 785, 28 L. R. A. (N. S.) 1266; Wallsend C. & C. Co. v. Shields, 159 Ky. 644, 167 S. W. 918; Saxton Coal Co. v. Kreutzer, 202 Ky. 387, 259 S. W. 1022; North East Coal Co. v. Setzer, 169 Ky. 245, 183 S. W. 553.

But the master is obligated to see that the premises where the servant must work are reasonably safe when the servant assumes charge thereof. Stratton v. Northeast Coal Co., 164 Ky. 299, 175 S. W. 332; American Milling Co. v. Bell, 146 Ky. 68, 141 S. W. 1191; Parsley v. Horn, 196 Ky. 556, 245 S. W. 140.

The rules or customs of the mine are not conclusive, but may be waived or varied, and the actual facts prevailing in each case must be considered in ascertaining the rule applicable to such case. Borderland Coal Co. v. Kirk, 180 Ky. 695, 203 S. W. 534. And the facts decisive of the matter may be in such dispute as to require submission of the issue to a jury under adequate instructions embracing every hypothesis deducible from the evidence. Consolidated Coal Co. v. Music, 172 Ky. 153, 189 S. W. 200.

Appellant's position, sharply presented and ably argued, is that it was Fike's own duty to make safe the roof of the mine where he was working. The proof tended to show that the loaders, including Fike, were instructed to make inspections, and, if potential danger was discovered or apprehended, to set sufficient props to secure the safety of the place. But that was not the whole effect of the evidence. There was testimony tending to show that the inspector was under duty to visit the room and mark any place where props were needed; and when he visited the place, as he did on the day of the accident, he failed to make adequate inspection, or to place any marks or to indicate the imminence of danger. Fike and another loader worked together loading coal on cars. The room was about twenty-four feet wide, and the track for the cars was in the center. The loaders worked on opposite sides. Fike was cleaning the track immediately back of the car whilst the other loader had gone out to get more cars. The place where the slate fell was over the track where the coal car was standing, and the slate broke on the car, one part of it falling upon Fike. It was in a portion of the room where a track had been placed and the loaders, in the absence of notice to the contrary, were justified in assuming that it was in a condition reasonably safe for their use. Gatliff Coal Co. v. Sumner, 196 Ky. 592, 235 S. W. 144; Hazard Coal Co. v. Wallace, 181 Ky. 636, 205 S. W. 692; Elkhorn Coal Corp. v. Butler, 194 Ky. 193, 238 S. W. 372; Jellico Coal Mining Co. v. Helton, 157 Ky. 610; 163 S. W. 744.

The defendant could not rely upon contributory negligence or assumption of the risk as a defense, since it was not operating under the Workmen's Compensation Law, and if there was any evidence of negligence upon the part of defendant, and of its causal connection with the plaintiff's injury, a case for the jury was made out.

West Kentucky Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479; Gatliff Coal Co. v. Sumner, 196 Ky. 592, 245 S. W. 144.

But it is argued that the loader was creating the danger in his working place by loading out of the loose coal, and for that reason the safe place rule did not apply. The facts developed in this case fail to bring it within the range of that doctrine, as defined by our decisions. Hazard Coal Co. v. Wallace, 181 Ky. 636, 205 S. W. 692; Williams Coal Co. v. Cooper, 138 Ky. 287, 127 S. W. 1000; Carter Coal Co. v. Prichard, 166 Ky. 776, 179 S. W. 1038.

Fike was not engaged in the pulling of "stumps," or in removing support from the overhanging slate, and his work of cleaning loose coal from the tracks back of the car incidental to loading the cars with coal was within the reason and scope of the "safe place" principle. Evans Chemical Works v. Ball, 159 Ky. 406, 167 S. W. 390.

The court did not err in denying the motion for a directed verdict.

An instruction is criticized upon the ground that the jury was told "as a positive fact that it was the duty of the defendant to use ordinary care to furnish the plaintiff a reasonably safe place to work," when it should have been told to determine from the evidence whether that duty was due the plaintiff under the circumstances.

The extent of the evidence as to the duty imposed upon Fike was general instructions for loaders to inspect the working places; but that evidence was insufficient, in the light of other evidence, to preclude the operation of the "safe place" doctrine. Sufficient has been said in disposing of the argument for a peremptory instruction to show that the court correctly ruled that the duty to take proper precautions to provide a reasonably safe place for the coal loaders rested upon the coal company. The evidence was not in conflict upon that exact point, since the place where the accident occurred was upon the track where the car was being loaded, and which had been prepared for the purpose of loading coal.

The only evidence cited to constitute a contradiction as to the place where the accident occurred consists of some segregated statements of the injured man. He was asked on cross-examination if he was about five feet from the face of the coal, and answered, "Yes, I was

cleaning the track." He was then asked how far back into the solid coal the holes were drilled for the purpose of making the shots, and answered, "It is supposed to be six feet." He then said the slate fell right over his head, but he was unable to state "which way it fell, from the face or from the back."

From these statements a theory is deduced that the accident may have occurred in a place where the sole duty of propping rested upon the loaders. The argument is too far-fetched and tenuous to afford any basis for the instruction offered. The evidence as a whole was specific and certain that the slate fell upon the car, and split, one part of it striking Fike while cleaning the track. There was no tendency of the testimony to establish that it occurred elsewhere, and the failure to submit that theory in a separate instruction was neither erroneous nor prejudicial.

Complaint is made of the admission of certain evidence respecting the requirements of good mining practice. The evidence was competent under the issues, and could not have been prejudicial, in view of the instructions given to the jury by which the liability of appellant was confined to and conditioned upon a breach of the duty to exercise reasonable care to provide the plaintiff a safe place to work. Lawrence v. Fielder, 186 Ky. 324, 216 S. W. 1068; Wood Mosaic Co. v. Britt, 150 Ky. 357, 150 S. W. 355; L. & N. R. R. Co. v. Stiles, Gaddie & Stiles, 133 Ky. 786, 119 S. W. 786, 134 Am. St. Rep. 491.

A reversal may be ordered only when errors prejudicial to the substantial rights of the appellant have been committed.

The case was fairly tried, and the vital question in dispute between the parties was sharply and succinctly submitted to the jury.

The judgment is affirmed.