## Harlan Ridgeway Mining Co. v. Jackson.

May 30, 1939.

Charles B. Spicer for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is an action by an experienced miner against his employer for personal injuries.

The employer, C. M. Wright, doing business as Harlan Ridgeway Mining Company, had not elected to operate his mine under the Workmen's Compensation Act, and the only question is whether the evidence established his negligence as the proximate cause of the injury. Section 4960, Kentucky Statutes. The appeal is from a judgment for plaintiff for $5,000.00.

A 9 to 12 foot entry had been driven about 80 feet, and Jackson, the plaintiff, was working on the heading when he was hurt. His two sons were working with him. As they proceeded it was necessary to remove a 20 to 30 inch strata of slate or rock above the coal, which was about 40 inches thick. The method of mining was for the machine men to cut the coal and Jackson and his crew to prepare the holes and explosives. After the coal was shot they would load it and then drill the holes and prepare the charge for the slate or roof above it. This was being done in six foot sections—a cut of coal and then a cut of rock across one-half the width of the entry. On the evening before Jackson was hurt he had cleaned up the coal of such a section and prepared the slate or rock for shooting. Williams, his foreman, came and measured the seam. He examined the roof ledge and stated: "As good as that rock is, as solid as that rock, we will take another cut of coal and make a hole and put that gob rock in."

This statement was established by three witnesses. The reason for doing this, as then indicated by Williams, was to provide a place for the gob rock and save the hauling of it out of the mine. According to the dic-

tionary "gob" is the equivalent of "goaf" which, in this connection, is defined as "a space from which material has been removed or the waste left in old work." Williams testified that he did not recall making the above statement and that he had not given Jackson any instructions at that particular time. The section of coal back under the ledge, which was left there, had been shot down during the night by another crew.

When Jackson went back to work the next morning he and his helpers waited until the track could be extended to the heading and the cars brought there. Jackson was shoveling coal on his knees when the ledge of slate or rock, which had been left in place under the specific directions of the foreman instead of having been removed according to the rule and custom of operation, fell on Jackson and severely injured him. The plaintiff testified that while the foreman had given him instructions from time to time how to protect himself from the top and to be careful to set his timbers, on this occasion he obeyed his specific instructions and relied upon his assurance of safety. Williams had been to the place that morning and talked with Jackson about the prospects of his being able to load any coal soon on account of the track not being in. He was within 10 or 15 feet of the place where Jackson was hurt a few hours later, and during the conversation with a man, John Mullins, a track layer, so he testified, remarked that: "This top sounds as solid as the bottom," and Williams made no response.

The appellant would escape the consequences of this accident upon the ground that there was a failure of the employee to use necessary props and preserve his own safety. The statutes, former Sections 2726-5 and 2738c-1, relied on, were repealed as of July 13, 1934, by Chapter 21 of the 1934 extra-session of the legislature, and, except as the cases rested thereon may be in harmony with the current statutes enacted by the same act, they obviously are not determinative of questions arising from accidents occurring since the repeal.

Section 2739-42 of the current statutes prescribes the qualification and duties of mine foremen required to be employed as inspectors. It is therein provided:

"The mine foreman or his assistants shall visit and carefully examine each working place in the mine each day or oftener while the miners of such places

are at work, and shall direct said miners so that each and every working place shall be secured by props or timbers where necessary. Should the mine foreman or his assistant find a place to be in a dangerous condition, they shall not leave the place until it is made safe, or remove the person working therein until the place is made safe by some competent persons designated for that purpose.''

This statute places upon the employer, through his foreman, a closer responsibility than the former statute in respect to safety of the places where his men may work. In the instant case, the foreman made a special inspection of this particular place and roof and definitely directed this workman just what to do; which was contrary to the usual plan and his purpose, in order to avoid having to haul the refuse out of the mine. We are not concerned with any contributory negligence on the employee's part, our inquiry being confined to the acts or omissions of the employer through his foreman. Nor need we be concerned with what might be the legal effect of a failure by the foreman to direct a miner so that his working place would be safe as is prescribed by the statute. Here was an affirmative, specific direction to the men to go on with the work at a particular place after an inspection and assurance of safety. This fact distinguishes the case from others where there were questions of general assurances of safety, actual or constructive. Nor do the facts bring the case within the rule as to obvious dangers, or that which holds the employer free from liability where the employee created the danger and rendered the place unsafe by his own operations, without taking precaution to protect himself, so that it may be said that the accident was due to the employee's sole negligence. This is a clear case of negligent direction to work in an unsafe place which the circumstances tended to show the employer ought to have known by the exercise of ordinary care was not safe. North East Coal Company v. Setzer, 169 Ky. 245, 183 S. W. 553; West Kentucky Coal Company v. Shoulders' Admr., 234 Ky. 427, 28 S. W. (2d) 479; Duvin Coal Company v. Fike, 238 Ky. 376, 38 S. W. (2d) 201; Helton v. Gunn Coal Mining Company, 258 Ky. 168, 79 S. W. (2d) 695.

The judgment is affirmed.