## Fennell v. Fechter.

(Decided June 11, 1918.)

### Appeal from Campbell Circuit Court.

1. Torts—Joint Tort Feasors—Liability of.—Joint tort feasors are individually and collectively liable for the tort and may be sued either separately or jointly and the full amount of damages recovered against either one or more, or all of them.

2. Torts—Satisfaction by One Tort Feasor—When Release of Others.—Where a person who has been injured by the act of joint tort feasors receives satisfaction for the injury done him from one cr more of them, he is barred from proceeding against any of the others, but when it clearly appears that the payment by one of the joint tort feasors was only in part satisfaction of the claim against them, and only a release of the one making the payment, the satisfaction received from this one will not be deemed a satisfaction of the cause of action or claim for damages against the others arising out of the joint wrongdoing.

HEALY & HAWKINS for appellant.

BARBOUR & BASSMANN for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Fennell, filed in the Campbell circuit court, his petition against the appellee, Fechter, in which he alleged that he was the owner of a drug store in the city of Newport known as the Modern Drug Shop, and his manager in charge of this store was Charles F. Bartholomew; "that some time prior to the filing of this action the defendant conspired with the said Charles F. Bartholomew to wrongfully and unlawfully deprive plaintiff of goods and merchandise belonging to him which were in said drug store. He states that in compliance with said conspiracy he, with the assistance and knowledge of the said Charles Bartholomew, unlawfully and wrongfully removed and appropriated to his own use goods and merchandise belonging to this plaintiff to the value of one thousand dollars. Wherefore, he prays for judgment against defendant for the sum of one thousand dollars ($1,000.00)."

After this, Fennell filed an amended petition merely for the purpose of exhibiting, in an itemized statement, the character and quantity of the different articles alleged to have been taken from his store by Bartholomew.

In his answer, as amended, Fechter denied all the allegations of the petition, as amended, and further set up that a few days after the petition was filed Fennell and Bartholomew executed and delivered, each to the other, the following writing: "Know all men by these presents: That C. R. Fennell and Charles F. Bartholomew do hereby settle all matters in controversy between them as follows: That for and in consideration of the sum of $652.88 cash paid by Charles F. Bartholomew to C. R. Fennell and the transfer by Helen Bartholomew, wife of Charles F. Bartholomew, of all the money deposited in her name in the Ideal Savings Loan and Building Ass'n, and the Model Building and Loan Ass'n of Newport, Ky., to C. R. Fennell. That said C. R. Fennell does hereby acknowledge full payment and satisfaction of all claims and demands of every kind and description against the said Charles F. Bartholomew, and the said C. R. Fennell does hereby release said Bartholomew from all such claims and damages. And in consideration of the above release on the part of C. R. Fennell the said Charles Bartholomew acknowledges full and complete satisfacton of

any claim or claims that he may have against C. R. Fennell for any action taken by him or things spoken by him against the said Charles Bartholomew. Witness the hand of C. R. Fennell and Charles F. Bartholomew to this and a duplicate thereof this twenty-fifth day of September. C. R. Fennell, C. F. Bartholomew.'' And after averring that Bartholomew had paid to Fennell, in satisfaction of the conditions and obligations of the writing, $1,588.00, averred: ''That said C. R. Fennell accepted said sum in full payment and satisfaction of all claims and demands of every kind and description against the said Chas. F. Bartholomew and released said Bartholomew from all such claims and damages sustained by the said C. R. Fennell; that said C. R. Fennell accepted said sum in full payment and satisfaction of any and all demands of loss and damage sustained by said C. R. Fennell by reason of the facts set out in the plaintiff's petition and amended petition; that said claims and demands set out in said petition and amended petition were included in the claims and demands re-referred to in said writing; that thereby the said plaintiff, C. R. Fennell, has received as compensation for the damages set out in said petition a sum more than equal to the full amount thereof; that thereby the said plaintiff has released and discharged this defendant from the claims set forth in said petition.''

A demurrer to this answer was overruled and thereupon Fennell filed the following reply: ''The plaintiff denies that when he received the sum set up in defendant's amended answer, or that when he received any sum he accepted such sum or sums in full payment or satisfaction, or any payment or satisfaction of any demands of loss, or damage sustained by him, by reason of the acts of defendant as set up by him in his petition or amended petition; denies that said claims or demands set up in his petition or amended petition, were included in the claims or demands referred to in his receipts to Charles F. Bartholomew; denies that he has received as compensation for the damages set out in his petition, a sum more than equal to the full amount claimed by him, or has received any sum as compensation therefor; denies that he has released or discharged the defendant from the claims set forth in his petition. He states that the said writing to Charles F. Bartholomew was a

release to him for property and money wrongfully and
feloniously taken by him from plaintiff while in the em-
ploy of plaintiff and that this defendant was not a party
to said wrongful taking or known in the transaction.''

Thereafter, the court entered an order reciting ''that
the affirmative matter in the answer presents a complete
defense to the action and that the reply is an insuffi-
cient response thereto,'' and then adjudged that the pe-
tition be dismissed. So that the only question upon this
appeal is, did the answer present a complete defense
to the action, and was the reply an insufficient response
thereto?

The petition charged a conspiracy between Barthol-
omew and Fechter to rob Fennell, and that pursuant
to this conspiracy, and with the assistance of Bartholo-
mew, Fechter had stolen goods of the value of $1,000.00.
It is, therefore, plain that, taking the averments of the
petition as true, Bartholomew and Fechter were jointly
and severally liable to Fennell for the loss occasioned
by their joint wrongdoing as alleged in the petition. If
the facts set out in the petition were true Fennell could
have sued Bartholomew and Fechter jointly, or he could
have sued either of them separately, and recovered
from them, either separately or jointly, the full amount
of damage he sustained. They were joint wrongdoers.

Turning now, again, to the writing between Fennell
and Bartholomew, and reading the same in connection
with the reply, it is apparent that the settlement between
Fennell and Bartholomew included in whole or in part,
it is not material which, the loss and damage that Fen-
nell had suffered on account of the wrongdoing of
Fechter and Bartholomew pursuant to the conspiracy
between them to defraud Fennell. It is true that in
the reply it is stated that the writing was only a release
to Bartholomew for the value of the property wrong-
fully taken by him, but this allegation does not subtract
anything from the purpose of the writing, which was to
release Bartholomew from further liability on account
of the joint wrongdoing of himself and Fechter in con-
sideration of the payment by Bartholomew of $1,588.

Stated in perhaps simpler form, it may be put this
way: Fennell had a claim against Fechter and Barthol-
omew growing out of their joint wrongdoing to his dam-
age, and in consideration of a stipulated sum, paid by

one of the wrongdoers, he released him from further liability. Now, did this release, in the manner stated, of one wrongdoer release the other wrongdoer, or, in other words, did it satisfy the cause of action that Fennell originally had against both of them jointly and severally? In the consideration of this question, we do not think the circumstances that Fennell may have had a larger claim for damages against Bartholomew than he had against Fechter, affects the merits of the case either one way.or the other, because assuming that the wrongdoing was pursuant to a conspiracy, Fennell could have recovered from either of the conspirators the full amount of his loss, although it appears that he only sought to recover from Fechter $1,000.00, while he received from Bartholomew $1,588.00, but he could have recovered from Fechter or Bartholomew, either or both, $2,588.00, if his loss by reason of the conspiracy amounted to as much.

Coming now to the law applicable to the record before us, an instructive case is Louisville & Evansville Mail Company v. Barnes, 117 Ky. 860. In that case the administrator of Barnes sued the Louisville & Evansville Mail Company and the Marsden Company, charging that the death of his intestate was caused by the joint and concurring negligence of these two companies, although the negligence grew out of separate acts committed by each of them independent of the other. After a suit had been filed by the administrator against both of them to recover damages for his intestate, the Marsden Company settled the cause of action against it by the payment of $1,000.00, which was credited upon a judgment for $2,000.00 that had been rendered against the mail company. The mail company prosecuted an appeal from the judgment against it, which had been credited by the amount paid by the Marsden Company, and the question before this court, upon the appeal, was whether this operated as a release of the mail company. In disposing of the case, and holding that it did not release the mail company from its liability, the court said: "Our opinion is that, if the appellee had accepted this $1,000 in.satisfaction of his cause of action or claim for damages, then it would have operated as a release and a bar to any other proceeding against appellant on account thereof. But it is shown by the proof, without contradiction, that it was accepted as only part satisfaction, and a release of the Marsden Company, but not in

satisfaction of his cause of action and claim for damages. It is a universal rule of law that joint tort feasors are jointly and severally liable to the injured party. He may sue any one or all, at his election; but when he once receives satisfaction for the injury done him from one or more of the tort feasors, he is barred from proceeding against the other joint tort feasors. This is upon the idea that he is only entitled to one satisfaction, and to avoid his getting more than one compensation for his injury. There are authorities in many states which hold that any satisfaction from and release of one joint tort feasor releases all. . . . The sole reason given in these opinions for the rule as stated is that it is to prevent the injured party from receiving more than one compensation or satisfaction for his injury. We are unable to understand why a part satisfaction and release of one tort feasor can be considered as complete satisfaction of his claim for damages, and operate as a bar to his cause of action against the other tort feasors. There can be no good reason for this. The collection of a part satisfaction from one tort feasor is a benefit to the others.''

This case, while it distinctly recognizes the general rule that where a person who has been injured by the act of joint tort feasors receives satisfaction for the injury done him from one or more of the tort feasors, he is barred from proceeding against any of the others, also lays down the rule that when it clearly appears that the payment made by one of the joint tort feasors was only in part satisfaction of the claim against them, and only a release of the one making the payment, the satisfaction received from this one will not be deemed a satisfaction of the cause of action or claim for damages against the other arising out of the joint wrongdoing, and we are not disposed to depart from this ruling or to extend it further, although there is much conflict in the cases on the subject of the effect of accepting satisfaction from one wrongdoer as may be seen by the authorities cited in the case of Abb v. Northern Pacific Railway Company — Wash. 1902, 58 L. R. A. 293, and the extensive note to this case. See also Dwy v. Connecticutt Company, 89 Conn. 74, 1915 E. L. R. A. 800; and Thomas v. Maysville Street Railway Company, 136 Ky. 446. Adopting then as correct the principle an-

nounced in the mail company case, it will be seen that the court put its decision distinctly upon the ground that the payment made by the Marsden Company, as shown by the evidence, was accepted as only part satisfaction, and a release of the Marsden Company only. Accordingly, we are brought directly to the question whether the payment by Bartholomew was only in part satisfaction of the claim Fennell had against Bartholomew and Fechter, and only intended to release Bartholomew without affecting any cause of action Fennell might have against Fechter, and this question must be determined by the writing entered into between Fennell and Bartholomew, because there is no effort to show any mistake in this writing or that it did not express the true intent of the parties.

Turning, now, again to this writing, we find that Fennell acknowledged full payment and satisfaction of all claims and demands of every kind and character, against Bartholomew and released him from further liability growing out of any claims or damages. Nowhere in the writing does it appear that the settlement with Bartholomew was only in part satisfaction of the claim against Bertholomew and Fechter, or only intended to release Bartholomew without affecting the right of Fennell to pursue Fechter, and when Fennell, in the writing, acknowledged full satisfaction of all calims and demands growing out of their joint wrongdoing that he had against Bartholomew, this necessarily satisfied all claims and demands that he had against Fechter growing out of the same transaction, because Bartholomew and Fechter, in this matter, were one person, and in the absence of express reservation, he could not settle with one of them without settling with the other. The wrongdoing of Bartholomew was not separated in the writing from the wrongdoing of Fechter, and, therefore, we think that the settlement made with Bartholomew was a satisfaction of whatever claim Fennell had against both Bartholomew and Fechter growing out of the same wrongdoing.

There is yet another view of the matter that should be noticed. All the authorities agree that where a payment is made by one of two joint wrongdoers, although it is not accepted in satisfaction of the cause of action or

the claim against all of them, the payment so made must go as a credit on the claim against the others. Now, if we should apply that rule to this case the claim of Fennell sued on would be extinguished by the payment made by Bartholomew, as it amounted to $588.00 more than the claim asserted by Fennell against Fechter.

Wherefore, the judgment is affirmed.