## Long Fork Railway Company v. Ferrell.

(Decided April 19, 1927.)

### Appeal from Floyd Circuit Court.

1. Master and Servant.—Employer's duty to furnish employee safe tools to work with, or safe place in which to work, extends no further than obligation to exercise ordinary care in furnishing reasonably safe instrumentalities and place.

2. Negligence.—To recover for defendant's negligence, plaintiff must show that injury would not have been sustained except as result of such negligence, or show a state of facts from which such conclusion can be inferred.

3. Master and Servant.—In absence of proof that collision between motorcar on which section hand was riding and hand car placed on track by two doctors without railroad company's knowledge or consent would not have occurred except for company's alleged negligence in equipping motorcar with foot brakes instead of hand brakes, railroad company could not be held responsible for section hand's death; unwarranted operation of other car being direct and proximate cause of accident.

4. Master and Servant.—If evidence warrants submission to jury of question whether collision between hand cars resulting in death of section hand would not have occurred had car on which he was riding been equipped with hand brakes instead of foot brakes, instructions should require jury to believe from evidence that he had no knowledge of defective brake, and that such defect could have been known to defendant railroad company by exercise of ordinary care, before finding against it.

B. F. COMBS, A. B. COMBS, SMITH & COMBS, M. R. WAITE and WILLIAM A. EGGERS for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This was an action in the Floyd circuit court to recover damages for the death of William Moore, an em-

ployee of the appellant. The accident resulting in his death occurred on July 7, 1923. He was a section hand or track repairer and on that day he with others under the foreman were at work on the track near Drift. The foreman was notified by some one in authority to come to Martin with his men to repair a broken rail. They boarded two hand cars and started to Martin. Dr. Edward Stumbo and Dr. Walker Stumbo had unlawfully and without the knowledge or consent of appellant placed a hand car on its track and were running said hand car on the track in the direction from which decedent and the other men were coming. The two hand cars collided, resulting in the death of appellee's intestate.

Suit was instituted by appellee to recover damages for the death of his intestate on the ground that appellant was negligent, in that the motorcar in which his intestate was riding at the time of the accident was not equipped with sufficient brakes to control it and that the appellant had equipped the motorcar with defective brakes which were not sufficient to control the movements of said motorcar and stop it within a reasonable distance. The suit was against appellant and the two doctors, but it was afterwards dismissed as to the doctors. A demurrer was filed to the petition on the ground that it was defective, in that it did not state that appellee's intestate did not have knowledge of the improper or defective brake. The demurrer was overruled and a motion to require plaintiff to make his petition more specific was filed, which was not passed on by the lower court. Appellant, in its answer, denies negligence and relies on contributory negligence of appellee's intestate and his assumption of the risk, and these pleas were controverted by reply. The two doctors filed separate answers, but thereafter before the trial they entered into an agreement with appellee, whereby he requested the lower court to dismiss the action against them, and upon appellee's motion the action was dismissed as to the doctors. Appellant then filed an amended answer, in which it set up the agreement and settlement of the case between appellee and the doctors. This amended answer pleads that the doctors paid appellee $300.00 in full settlement of the case and relies upon that action of appellee as a discharge of it from all liability. A reply was filed to this amended answer, denying that $300.00 was accepted or

received by appellee in full satisfaction of all claims or demands in his petition. Upon trial of the action a verdict was returned in favor of appellee for $5,000.00, less the $300.00 which had been paid to him by the doctors.

Appellant relies on several grounds for reversal. (1) That no negligence whatever upon its part was shown; (2) that, if any negligence was shown on the part of appellant, it was not the proximate cause of the accident; (3) that appellee's intestate assumed the risk; (4) that appellee made such settlement with the Stumbos as defeated his further right to prosecute the case against appellant; (5) that the instructions given by the court were erroneous.

The basis of the suit is that appellant did not equip the motorcar on which decedent was riding at the time of his death with brakes sufficient to control the operation of said car. There seems to be no attempt to prove that the brakes were defective, but rather that the car was equipped with the wrong kind of brakes. It is shown that the brakes of a hand car are operated by the foot and are called "foot brakes," and that a motorcar brake is usually operated by the hand and is called a "hand brake." The contention is that the hand car propelled by a motor was equipped with a foot brake when it should have been equipped with a hand brake. The proof shows that the motorcar could have been stopped in less distance with a hand brake than a foot brake, but none of the witnesses seem to testify that a hand brake would have enabled the operator of the car to stop it in time to prevent the collision. The foot brake appears to have been sufficient to control the operation of the car, but a hand brake would have stopped the car within a shorter distance. There is strong evidence that such a car equipped with a foot brake is equally as safe for ordinary railroad purposes as one equipped with a hand brake.

Giving to the evidence in behalf of appellee the fullest effect, it shows only that the car might have been stopped before the collision if it had been equipped with a hand brake. It must be kept in mind that the duty of the appellant to furnish the decedent safe tools to work with, or a safe place in which to work, extended no further than its obligation to exercise ordinary care in furnishing reasonably safe instrumentalities with which to work and a reasonably safe place in which to work. This was so held in the case of American Milling Co. v. Bell,

146 Ky. 68, 141 S. W. 1191, and Wilson v. Chess & Wymond Co., 117 Ky. 567, 78 S. W. 453, 25 Ky. Law Rep. 1655.

Before a plaintiff can recover for the negligence of the defendant, he must show by his evidence that the injury would not have been sustained except as the result of the negligence of the defendant, or he must show a state of facts from which it can be inferred that the injury would not have occurred but for the negligence of the defendant.   When we look into the evidence to ascertain the cause of the accident, we are forced to the conclusion that the direct and proximate cause of the accident was the unwarranted operation of the other car on the railroad track.   If their car had not been on the track, there would have been no collision.   This much is absolutely certain.   We cannot say from this evidence that there would have been no collision if the motorcar in which the decedent was riding had been equipped with a different kind of brake.   If the collision between these two cars would have occurred regardless of the alleged negligence of the appellant, it follows that such negligence, if any, was not the proximate cause of the injury, and we find no proof in the record which shows that the collision would not have occurred if the car had been equipped with different kind of brakes.   This being true, the appellant cannot be held responsible.

The one outstanding point in this case is that appellee's intestate was killed as the result of the gross negligence of the doctors who placed their car on the railroad track, not only without the knowledge or consent of appellant, but over the protest of appellant and positive direction by it to them not to do the very thing which they did.   Notwithstanding their gross negligence which brought about the injury, appellee saw proper to accept $300.00 from them in settlement of his cause of action against them.   When the settlement was made with the Stumbos, there was no reservation in the writing or agreement showing that it was not the intention of the appellee to settle in full for the damages received as the result of the injury.   It is probable that under the authority of Fennell v. Fechter, 181 Ky. 101, 203 S. W. 879, the settlement made by appellee with the Stumbos extinguished his entire claim and that he could not prosecute his action further against the appellant.   We are

not required to pass on this question, however, as what we have said shows that the lower court should have sustained the motion of appellant for a peremptory instruction to find in its favor.

On another trial, if the evidence is substantially the same, the court should sustain the motion for a peremptory instruction. If the evidence at another trial should warrant the submission of the case to a jury, the court should so modify the instructions as to require the jury to believe from the evidence that decedent had no knowledge of the defective brake and that such defect in the brake, if any, could have been known to appellant by the exercise of ordinary care, before the jury can find against it.

For errors indicated, the judgment is reversed and cause remanded, with directions for proceedings consistent with this opinion.